GREGORY, The D. S.   See Cases Nos. 4,099–4,103.

GREGORY, The DUDLEY S.   See Cases Nos. 4,099–4,103.

---

## Case No. 5,804.

### GREIGG v. READE.

[Crabbe, 64.] [1]

District Court, E. D. Pennsylvania. Nov. Term, 1836.

APPEAL TO CIRCUIT COURT—DAMAGES—TIME FOR PREPARATION ON ARGUMENT—SURPRISE.

1. Where a libel claims three hundred dollars damages, and a decree is given for the libellant for forty dollars, in which he acquiesces, the respondent cannot appeal to the circuit court.

2. Where a legal point arose, the counsel of one of the parties asked time for preparation to argue it, but, it appearing that such counsel had previous notice that the point would then arise, the court refused the application.

3. In an action for assault and battery, the respondent's counsel having addressed the court, the case was submitted by the other side without reply, on the understanding that it should be immediately decided, and a decree was at once entered for the libellant. On the respondent's counsel moving for a new trial under these circumstances, on the ground of surprise, the court refused the motion.

This was a libel for assault and battery. The case came on to be heard, before HOPKINSON, District Judge, on the 30th December, 1836. One witness was examined on the part of the libellant [David Greigg], and one deposition read on behalf of the respondent [John H. Reade]. No question of law was made by either party, nor was there any in the case. Mr. H. Hubbell, counsel for the respondent, addressed the court on the case as long as he thought proper. When the counsel for the libellant were about to proceed in reply, the judge said that a very important case, appointed for that day, was waiting to be heard, and several counsel and parties attending for it: if, therefore, the

---

1 [Reported by William H. Crabbe, Esq.]

counsel for the libellant in this case desired to be heard, they should have a full opportunity, but that the argument must be postponed until the next week. If, however, they would submit the case as it stood, it should be decided at once. The libellant's counsel, Messrs. Grinnell and McIlvaine, consulted, and agreed to submit the case as it stood. No objection was made to this proposition; and the judge then pronounced a decree giving the libellant forty dollars damages,— the amount claimed in the libel being three hundred dollars. The parties and their respective counsel then left the court without further remark. On Monday, the 2d January, 1837, Mr. Hubbell wrote to the judge that he desired to enter an appeal, but was informed by the clerk that he could not do so without an order of the court. The judge replied that he would be in court on the Wednesday following, when the application for an appeal might be made, and referred to Mr. Hubbell's consideration the acts of congress limiting the amount for which an appeal might be entertained. Act 24th September, 1789, §§ 20, 21; 1 Story's Laws, 60 [1 Stat. 83]; Act 3d March, 1803, § 2; 2 Story's Laws, 915 [2 Stat. 244]. On the 4th January, 1837, Mr. Hubbell appeared for the respondent, and Mr. Grinnell for the libellant. The respondent's counsel moved to enter an appeal, and the court refused to allow it, on the ground that the decree was for a sum under fifty dollars, that the libellant acquiesced in it, and the application for an appeal was made by the respondent. It was, therefore, clear, in the opinion of the court, that the matter then in dispute did not amount to fifty dollars, although the libel claimed damages to the amount of three hundred dollars. The respondent's counsel asked time to prepare to argue this question. It was objected that, having had previous notice of the point, the counsel should have come prepared to argue it; and it was shown that notice had been given, both by the judge's note, before mentioned, and by the libellant's counsel. The judge referred the counsel of the respondent to the law as expressly declared by the supreme court in Cooke v. Woodrow, 5 Cranch [9 U. S.] 14. A postponement was refused, and the clerk ordered to enter on the record that the appeal was not allowed. The respondent's counsel then moved for a new trial, on the ground of surprise at the time of the decree, it not having been supposed that the court was about to decide the case immediately. The judge said that the intention to make an immediate decision had been distinctly announced; that the libellant's counsel had acted upon it; and that the respondent's counsel had no reason to complain, as a full hearing had been given him. The motion for a new trial was overruled.